IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY GENE BUCK, ID # 1068144, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:08-CV-1479-B (BH) |
| | ) | ECF |
| PHILLIP W. MARTIN, et al., | ) | Referred to U.S. Magistrate Judge |
| Defendants. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

### I. BACKGROUND

Plaintiff, a state inmate currently incarcerated in the Texas prison system, filed this action in August 2008. He amended his complaint pursuant to 42 U.S.C. § 1983 in September 2008. (*See* Am. Compl. at 1, 5.) He sues Officer Phillip Martin of the Venus Police Department for shooting him during Plaintiff's arrest for burglary on June 15, 2001. (*Id.* at 3-4; Answers to Questions 1 and 2 of Magistrate Judge's Questionnaire (MJQ).[1]) He also sues a former neighbor, David Baker of Venus, Texas, for informing a police officer that Plaintiff assaulted him and for providing perjured testimony to a grand jury that resulted in his indictment and custody on the 2001 burglary charges. (Am. Compl. at 3-4; Answers to Questions 7 and 8 of MJQ.)[2] On October 21, 2008, Plaintiff filed a supplemental document to the amended complaint. (*See* Petr. Preliminary Resp. with Br. in Supp.,

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[2] Plaintiff also contends that Baker killed his wife in July 2005. (Am. Compl. at 4; Answer to Question 7 of MJQ.)

hereinafter referred to as Supp.)³  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## III.  SECTION 1983

Plaintiff has filed this action pursuant to 42 U.S.C. § 1983 against a former neighbor and an officer of a local police department.  That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress

---

³ The supplemental document also touches upon habeas procedures and claims.  (*See* Supp. at 2-6.)  Plaintiff is separately pursuing a habeas action in *Buck v. Quarterman*, No. 3:08-CV-1318-K (N.D. Tex.).

2

for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

**A. <u>Claims Against Neighbor</u>**

Plaintiff claims that Baker provided false information to police officers and perjured testimony to a grand jury which resulted in his indictment and conviction in 2001. He also claims that Baker killed his wife in 2005.

The claims against Baker are insufficient to impose liability under 42 U.S.C. § 1983 because Baker did not deprive Plaintiff of any constitutional right under color of state law by providing information to police officers and testimony to a grand jury that resulted in Plaintiff's conviction for burglary in 2001. A police officer's mere reliance on information from a witness "does not convert the informing party into a state actor." *See Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc.*, 673 F.2d 771, 772 (5th Cir. 1982). Likewise, the fact that someone provides testimony to a grand jury does not transform such witness into a state actor.

Although in certain circumstances, private parties may be acting "under color of state law" and thus held liable under § 1983, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989), Plaintiff makes no allegation to hold Baker liable as a state actor. He has made no allegation that Baker conspired with any state actor. Additionally, providing information to police officers and testifying before a grand jury are not functions exclusively within the province of the state, and are not fairly attributable to the state due to any nexus

3

between the private action and the state.

Because Baker is not a state actor, he is not subject to liability under 42 U.S.C. § 1983, and the claims against him fail to state a claim upon which relief can be granted.[4]

**B. <u>Claims Against Officer Martin</u>**

Plaintiff claims Officer Martin applied excessive force during his arrest on June 15, 2001. Plaintiff filed the instant action in August 2008. "Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). In such circumstances, courts may also dismiss the claims under § 1915A when it applies. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-21 (5th Cir. 1998). The Court "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In view of Texas' two-year statute of limitations for personal injury claims, Plaintiff had two years from the date that his § 1983 claims accrued to file suit. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

Accrual of a § 1983 claim is governed by federal law:

Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.' A plaintiff's awareness encompasses two elements: '(1) The existence of the injury; and (2) causation, that is, the connection between the

---

[4] Although the claims against Baker might be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court may sidestep *Heck* "when the case presents issues that are appropriate for early and final determination", such as when a private actor should be dismissed in a § 1983 action. *Solesbee v. Nation*, No. 3:06-CV-0333-D, 2008 WL 244343, at *8 (N.D. Tex. Jan. 29, 2008) (accepting recommendation of Mag. J.).

4

> injury and the defendant's actions.' A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required 'if the circumstances would lead a reasonable person to investigate further.'

*Piotrowski*, 237 F.3d at 576 (citations omitted). In other words, "[t]he cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Although *Heck v. Humphrey*, 512 U.S. 477 (1994) may delay the accrual date for a specific cause of action, *Heck* has no applicability to Plaintiff's excessive force claim because success on the claim would not necessarily invalidate or call into question Plaintiff's burglary conviction.

In this instance, Plaintiff's excessive force claim falls well outside the applicable statute of limitations. His answers to the MJQ establishes that he knew the facts that form the basis for his claim against Officer Martin in July or August 2001 when he awoke from a coma and was informed that Officer Martin had shot him. (*See* Answer to Question 1 of MJQ.) However, Plaintiff did not file the instant suit until August 2008, approximately seven years later. It thus appears that his excessive force claim is time-barred. The Court may therefore summarily dismiss the claim as untimely. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

Although the excessive force claim appears time-barred, the applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id.* "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th

Cir. 1993) (citations omitted).

If not tolled, limitations generally continue "to run until the suit is commenced by the filing of the plaintiff's complaint in the clerk's office." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Plaintiff commenced this action well after the applicable statutes of limitations had expired. He provides no basis for equitable tolling under Texas or federal law. Although his supplemental document describes general difficulties obtaining state records, nothing in that document excuses Plaintiff's seven-year delay in filing this civil action. (*See generally* Supp.) Consequently, his claim against Officer Martin should be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A for his failure to file it within the statutory periods of limitations.

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS** this action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5]

**SIGNED this 6th day of November, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE